## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

CATHERINE TAYLOR,
    Plaintiff

                    v.                          C.A. No. 16-083-ML

SCOTT MOTORS, INC.
d/b/a SCOTT VOLKSWAGEN,
    Defendant

### MEMORANDUM AND ORDER

The plaintiff in this case, Catherine Taylor ("Taylor"), seeks to rescind her sales contract (the "Contract") with the Defendant, Scott Motors, Inc. ("Scott Motors"), after learning that the VW diesel automobile she purchased from Scott Motors is equipped with emissions masking software. Amended Complaint (the "Complaint") ¶ 7. The matter is before the Court on (1) Taylor's emergency motion to remand the case to the Rhode Island state court (Dkt. No. 4), and (2) Scott Motors' motion to stay the case pending transfer by the Judicial Panel on Multidistrict Litigation ("JPML") as one of a number of multidistrict litigation ("MDL") cases related to VW emissions testing software (Dkt. No. 7).

## I.    Factual Summary and Procedural Posture

In November 2012, Taylor purchased a 2013 Volkswagen Jetta TDI diesel station wagon (the "VW Diesel") from Scott Motors. Complaint ¶ 5. According to Taylor, she was induced to purchase

the VW Diesel upon Scott Motors' representation that the car offered fuel efficiency and sport wagon performance while complying with all emissions requirements.

In September 20, 2015, the manufacturer ("Volkswagen") of the VW Diesel disclosed that the VW Diesel was equipped with emissions masking software. Complaint ¶ 7. Volkswagen generally admitted that diesel cars sold in the United States were programmed to sense when emissions were tested and that they contained equipment that reduced such emissions, or that "the cars had better fuel economy and performance, but produced as much as 40 times the allowed amount of nitrogen oxide, a pollutant that can contribute to respiratory problems including asthma, bronchitis and emphysema." Complaint ¶ 8.

On October 1, 2015, Taylor filed a complaint in Rhode Island state court (Dkt. No 1-2), seeking (Count I) rescission of the Contract on the grounds of material misrepresentation; and (Count II) revocation of her acceptance after discovering the emissions testing issue. In support of the factual contentions in her complaint, Taylor attached (1) the Contract at issue (Ex. A, Dkt. No. 1-2 at Page 10 of 34); (2) a September 21, 2015 article from The New York Times, titled *Volkswagen Stock Falls as Automaker Tries to Contain Fallout*, Ex. B, id. at 12-16*;* and (3) a September 22, 2015 article from the same publication, titled

2

*Volkswagen Says 11 Million Cars Worldwide Are Affected in Diesel Deception*, Ex. C, <u>id.</u> at 18-21.

On December 22, 2015, Taylor filed an amended complaint in state court, adding (Count III) a claim pursuant to the Rhode Island Motor Vehicle Dealers Business Practices Act, R.I. Gen. Laws § 31-5.1. The parties then engaged in, at times, contentious motion practice. On the afternoon of February 22, 2016, the day before scheduled arguments on Scott Motors' motion to dismiss the Complaint, Scott Motors filed a notice of removal (Dkt. No. 1) in this Court. In support of its 10-page notice of removal, Scott Motors attached more than 300 pages of exhibits, including most, if not all, of the parties' filings in state court (Dkt. Nos. 1-2, 3, 3-1, 3-2).

The removal is based on Scott Motors' assertion that in Taylor's February 5, 2016 Reply to Scott Motors' Second Supplemental Memorandum in support of its objection to Taylor's motion to strike and for sanctions (filed in state court), Taylor is "now seeking recovery for Plaintiff's contribution to pollution caused by Defendant's alleged violation of federal clean air standards." Notice of Removal at Page 4 of 10 (Dkt. No. 1). In that February 5, 2016 Reply, Taylor states that "in addition to her financial loss from owning a defective car, she has suffered the injury of being an involuntary and unwilling

emitter of three years of illegal diesel pollution." Reply at 2 (Dkt. No. 3-2). In addition, Taylor states that "[t]here is no readily ascertainable value for clean air, or other measure by which to compensate Plaintiff for her unwanted role in polluting the environment to generate greater profits for Volkswagen and Scott." Id.

Within the hour of the filing of Scott Motors' Notice of Removal, Taylor filed an emergency[1] motion to remand the case to state court, reaffirming that she is not seeking damages from Scott Motors or anyone else for the "value of her unwilling contribution to allegedly illegal diesel pollution," but that she only seeks the equitable remedy of rescission from the state court on the grounds that she has no adequate remedy at law. Mem. Mot. Remand at 2 (Dkt. No. 4-1). The following day, Taylor filed a supplemental memorandum (Dkt. No. 5) in support of her motion to remand, in which she notes that Scott previously acknowledged in state court that a claim for compensation for Taylor's unwanted role in polluting the environment "is neither sought in her amended complaint nor shown to be available under any pled cause of action." Scott Motors' Reply to Taylor's February 5th, 2016 Reply (Dkt. No. 5-1).

---

[1]

    Taylor's assertion of an emergency is based on the contention that the case had been excessively delayed by Scott Motors' motion practice in state court.

On February 25, 2016, counsel for Volkswagen Group of America, Inc. ("VWGoA") filed a Notice of Potential Tag Along Actions with the JPML. (Dkt. No. 9-5). Taylor asserts, and Scott Motors has not disputed, that of the eighteen lawsuits included in this transfer, only Taylor's action did <u>not</u> involve claims against Volkswagen. Taylor's Response at 3-4 (Dkt. No. 9).

On February 26, Scott Motors filed a motion to stay the case pending transfer by the JPML or, in the alternative, an objection to Taylor's motion to remand (Dkt. Nos. 7, 8). In its motion, Scott Motors asserts that Taylor's "minimalist pleadings sounding in contract initially obscured the federal question that is the gravamen of her suit." Mot. Stay at 1 (Dkt. No. 7. Although Scott Motors concedes that Taylor did not name VWGoA as a party, it further suggests that "all of her claims arise out of, and are based upon, allegations that Scott Motors...through VWGoA, violated the Clean Air Act and EPA regulations." <u>Id.</u>

On March 3, 2016, Taylor filed a response to Scott Motors' motion for stay and objection to remand (Dkt. No. 9), to which she attached numerous pleadings submitted by the parties in the state court action (Ex. A-H, Dkt. Nos. 9-1 through 9-8). In her response, Taylor reiterates that she makes no claims that Scott Motors violated the Clean Air Act. <u>Id.</u> at 1.  Taylor also points out that, as early as November 20, 2015, Scott Motors argued in

state court pleadings that the case was related to cases "based on allegations concerning the Environmental Protection Agency's notice of violation," and that its notice of removal based on the purported sudden discovery of a federal claim, filed three months after such assertion, was untimely. Id. at 3.

On March 4, 2016, this Court received notice from Judge Sarah S. Vance, the Chair of JPML, that a notice of opposition to a conditional transfer had been filed in this case, MDL No. 2672 IN RE: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation, 3:15-md-2672 (the "VW Clean Diesel MDL") . The notice also advised that this Court retains jurisdiction over pending motions, including motions for remand to state court, unless and until transfer to the MDL becomes effective. At the time this case was included in a group of cases that were conditionally transferred by the JPML, Taylor's motion to remand was already pending in this Court. Accordingly, the Court will proceed to determine whether there is federal jurisdiction over this case.

On March 14, 2016, Scott Motors filed a reply in support of its motion to stay proceedings pending transfer to the MDL (Dkt. No. 10), in which it maintains that the removal determination should be made by United States District Court for the Northern District of California to which the case has been conditionally

transferred as part of the VW Clean Diesel MDL. Scott Reply at 1. In light of the extensive briefings already submitted in this litigation, the Court is of the opinion that no hearing is required to render a decision on the parties' motions.

## II. Standard of Review

A.   Pendency of Conditional Transfer to MDL

At the outset, the Court notes that, pursuant to the JPML rule of procedure, as explicitly confirmed by the March 4, 2016 notification from the JPML to this Court, the pending conditional transfer in this case does not limit the Court's pretrial jurisdiction. Rule 2.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation provides that " [t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court. An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court." R.P.J.P.M.L. 2.1(d).

B.   Motion to Remand

Removal of a state-court action to federal court requires that the federal court has original jurisdiction. 28 U.S.C. §

1441(a) (providing that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."). In other words, only "state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987). Unless the requirements for diversity jurisdiction are met, there must be a federal question for the court to exercise its jurisdiction. Id.

Removal statutes are strictly construed in favor of state court jurisdiction and the party asserting jurisdiction bears the burden of establishing it. Danca v. Private Health Care Systems, Inc., 185 F.3d 1, 4 (1st Cir. 1999)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) and BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4, 132 F.3d 824, 831 (1st Cir.1997)).

Pursuant to 28 U.S.C. § 1446), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial

pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b). See, e.g., T&K Asphalt Services, Inc. V. DDRC Gateway, LLC, 976 F.Supp.2d 38, 42 (D. Mass. Oct.8, 2013) (noting that "'the burden is upon the removing party to show that federal subject matter jurisdiction exists, that removal was timely, and that removal was proper.'")(citation omitted).

Whether federal-question jurisdiction exists "is governed by the 'well-pleaded complaint rule,'" pursuant to which a federal question must be presented on the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. at 392, 107 S.Ct. at 2429, (quoting Gully v. First National Bank, 299 U.S. 109, 112–113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936). The plaintiff is the "master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. at 392, 107 S.Ct. at 2429 (1987); Danca v. Private Health Care Systems, Inc., 185 F.3d at 4 (noting that the plaintiff "has the prerogative to rely on state law alone although both federal and state law may provide a cause of action").

Accordingly, unless the complaint "implicates an area of federal law for which Congress intended a particularly powerful preemptive sweep," id. (citing Metropolitan Life Ins. Co. v.

_Taylor_, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)), the Court's analysis of whether federal jurisdiction exists is limited to what can be ascertained from the face of the state court complaint. _Danca v. Private Health Care Systems, Inc._, 185 F.3d at 4); _Franchise Tax Bd. v. Construction Laborers Vacation Trust_, 463 U.S. 1, 9-10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); _BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of America, IAMAW Dist. Lodge 4_, 132 F.3d 824, 831 (1st Cir. 1997) ("The gates of federal question jurisdiction are customarily patrolled by a steely-eyed sentry—the well-pleaded complaint rule—which, in general, prohibits the exercise of federal question jurisdiction if no federal claim appears within the four corners of the complaint").

## III. Discussion

### A. Timeliness

Taylor filed her initial complaint on October 1, 2015. She subsequently amended it on December 22, 2015 by adding a claim pursuant to the Rhode Island Motor Vehicle Business Practices Act, R.I. Gen. Laws § 31-5.1. Scott Motors filed a notice of removal on February 22, 2016, long after the statutory time limit specified in 28 U.S.C. § 1446(b) had expired. Seemingly aware that the removal could be considered untimely, Scott Motors suggests that at a January 22, 2016 hearing, it was revealed, for

the first time, that "the instant action was not a simple claim for vehicle value, but rather a much broader claim premised on VWGoA's purported EPA standards and regulations." Notice of Removal at Page 3 of 10 (Dkt. No. 1). Scott Motors also cites to Taylor's February 5, 2016 Second Supplemental Memorandum, Ex. Q (Dkt. 3-2 at Page 13 of 79), pointing out that Taylor states she suffered the injury of being an involuntary emitter of illegal pollution, for which there was no readily ascertainable value to compensate her. However, a closer read of those statements reveals that, far from asserting a federal claim for damages related to the pollution issue, Taylor was making a case for an equitable remedy because no such damages were available to her. Id. Moreover, as Taylor pointed out in her response (Dkt. No. 9) to Scott Motors' Motion for Stay, as early as November 20, 2015, Scott Motors asked for a 120-day stay in the state court proceedings on the contention that Taylor's claims against it "are largely based on similar allegations" as those in hundreds of other cases concerning the September 18, 2015 EPA notice of violation related to VW diesel vehicles. Ex. C at 2 (Dkt. No. 9-3 at Page 3 of 8). If, as Scott Motors now contends, Taylor was implying the assertion of a federal claim, Scott Motors already took that position back on November 20, 2015 and should have sought removal of the case by December 20, 2015. Under those

11

circumstances, the notice of removal was well out of time and, for that reason alone, the case should be remanded.

B. Federal Subject Matter Jurisdiction

Even if the removal were deemed to be timely, Scott Motors fails to meet its burden to establish federal subject matter jurisdiction. On its face, the Complaint is strictly based on state law. Taylor asks for rescission of the Contract and revocation of acceptance in connection with the purchase of her VW Diesel from Scott Motors. Her claims are based on the assertion that the representations by Scott Motors, which induced her to purchase the vehicle, were revealed to be false after the manufacturer disclosed that the efficiency and performance of its diesel cars were achieved at the expense of emissions far in excess of what was reported or legal. Notably, Taylor has not included Volkswagen as a defendant, nor has she asserted that Scott Motors knew of the emissions software when it sold her the car or that it in any way contributed to the illegal pollution. Both parties are in agreement that Taylor has not, and cannot, raise a private action under the Clean Air Act. Rather, Taylor's claims are limited to alleging that Scott Motors, albeit unknowingly, made material misrepresentations which induced her to enter into a contract she now wants rescinded. In the Complaint, Taylor claims no injury or damages for unwittingly

12

contributing to air pollution by driving the VW Diesel she purchased from Scott Motors. Both her assertions and request for a remedy are based solely on Scott Motors' alleged material misrepresentations.

Scott Motors' contention that Taylor seeks damages from Scott Motors for the value of her unwilling contribution to illegal pollution, taken from a memorandum submitted during the parties' extensive and contentious motion practice, is unsupported by the plain language of the Complaint. Conceding that the Clean Air Act does not create a private cause of action, Scott Motors asserts, nevertheless, that "this case . . . is in actuality an attempt to enforce the emission standards established by the EPA." Notice of Removal at Page 9 of 10.

The Court disagrees. Although the Complaint makes reference to VW diesel cars "spewing illegal quantities of harmful pollutants into the atmosphere," that assertion serves only to explain Taylor's contention that this unknown consequence of the efficiency and performance allegedly promised to her by Scott Motors constituted a material misrepresentation. Nothing in the Complaint provides the basis for federal jurisdiction. Accordingly, Taylor's motion is GRANTED and the case is REMANDED.

Scott Motors' motion to stay is DISMISSED as MOOT.

SO ORDERED.


/s/ Mary M. Lisi

Mary M. Lisi
Senior United States District Judge
March 15, 2016